IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT SCOTT MORRIS,<br><br>           Defendant. | No. 2:21-cr-81 |

**POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING AND MOTION FOR ACCEPTANCE OF RESPONSBILITY DECREASE**

      The United States of America, by and through its attorneys, Jessica D. Aber, United States Attorney for the Eastern District of Virginia, and E. Rebecca Gantt, Assistant United States Attorney, offers the following with respect to the sentencing factors under 18 U.S.C. § 3553(a) and the U.S. Sentencing Guidelines ("USSG").  There are no outstanding objections to the Presentence Investigation Report ("PSR"), which determined the defendant's advisory guidelines range as 121 to 151 months of imprisonment.  For the reasons described below, and pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the government submits that a downward variance to a sentence of imprisonment of 96 months would be sufficient but no greater than necessary to accomplish the purposes of sentencing set forth in 18 U.S.C. § 3553(a).

**I.**      **Procedural Background**

      On June 22, 2022, the grand jury returned a three-count indictment charging the defendant with two counts of receipt of images of minors engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2) (Counts 1 and 2), and one count of access with intent to view images of minors engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B) (Count 3).  ECF No. 1.  The defendant was arrested on June 30, 2022, following the nolle prosse of related

charges in Virginia Beach. ECF No. 8, PSR ¶ 45. The defendant had his initial appearance the same day and was ordered temporarily detained. ECF No. 6. The defendant's detention hearing was held on July 6, 2022, and he was released on bond to a third party custodian. ECF No. 11.

On August 23, 2022, the defendant entered a plea of guilty before United States Magistrate Judge Douglas E. Miller to one of the receipt counts in the indictment, Count One. ECF Nos. 18, 20. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the government agreed that it would not recommend a sentence higher than 96 months. ECF No. 20 ¶ 5. The sentencing hearing was scheduled for December 15, 2022. ECF No. 18.

On November 10, 2022, the U.S. Probation Office filed a PSR which calculated the offense level as 33 and the defendant's criminal history category as I, yielding a guidelines range of 135 to 168 months of imprisonment. ECF No. 25 at 16. The government objected to the two-level enhancement for knowingly engaging in distribution, USSG § 2G2.2(b)(3)(F), and to the number of images attributed to the defendant. ECF No. 26 at 22. Specifically, the government objected to the defendant receiving a four-level enhancement rather than a five-level enhancement for the number of images, given the number of child pornography images in the initial download from the defendant. *Id.* The Probation Officer sustained both objections, resulting in a total one-level decrease in the offense level, and a revised advisory guidelines range of 121 to 151 months of imprisonment. *Id.* at 16. The defendant has no objections to the PSR. *Id.* at 22.

II. **Motion to Grant the Defendant Additional One-Level Decrease for Acceptance of Responsibility**

The defendant has assisted authorities in the investigation and prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. U.S.S.G. § 3E1.1(b). The PSR has properly applied a two-

level decrease in his offense level for acceptance of responsibility under U.S.S.G. § 3E1.1(a), and the defendant's offense level prior to the operation of that section is level 16 or greater. Accordingly, the United States moves this Court to apply an additional one-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b). This reduction is already reflected in the PSR's offense level calculation. PSR ¶ 38.

### III. Standards Governing Sentencing

In fashioning a criminal sentence, a district court must "first calculate the applicable [U.S. Sentencing] Guidelines range." *United States v. Pauley*, 511 F.3d 468, 473 (4th Cir. 2007). After calculating the guidelines range, the district court "must give both the government and the defendant 'an opportunity to argue for whatever sentence they deem appropriate.'" *Id*. (quoting *Gall v. United States*, 552 U.S. 38, 49 (2007)). The district court must then consider all of the factors set forth in 18 U.S.C. § 3553(a) to determine whether those factors support the sentence requested by either party. *Id*. (citing *Gall*, 552 U.S. at 49). In doing so, the district court may not presume that a sentence within the guidelines range is reasonable. *Id*. (citing *Gall*, 552 U.S. at 50); *see also Nelson v. United States*, 555 U.S. 350, 351–52 (2009). Rather, the court "must make an individualized assessment based on the facts presented." *Gall*, 552 U.S. at 50.

In the event that the district court imposes a sentence outside the guidelines range, it "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Pauley*, 511 F.3d at 473 (quoting *Gall*, 552 U.S. at 50). After deciding an appropriate sentence, the court "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall*, 552 U.S. at 50. The Fourth Circuit has also held that "a sentencing court must address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects

those arguments, it must explain why in a sufficiently detailed manner to allow this Court to conduct a meaningful appellate review." *United States v. Blue*, 877 F.3d 513, 519 (4th Cir. 2017).

**IV.    The Statutory Sentencing Factors**

    A.  <u>The Nature and Circumstances of the Offense (18 U.S.C. § 3553(a)(1))</u>

The defendant came to the attention of the Virginia Beach Police Department (VBPD) in late December 2021, when a detective used a file-sharing program to download from the defendant over five hundred files depicting minors engaging in sexually explicit conduct. These files included depictions of bestiality and children as young as infants being sexually abused. VBPD obtained a search warrant for his residence, which they executed in early February 2022.

During an interview with law enforcement following an advisement of his *Miranda* rights, the defendant admitted to using both file-sharing and social messaging applications to obtain child pornography files. He said he would typically delete such files after obtaining them; nonetheless, on the defendant's laptop computer a forensic examiner was able to locate 22 images and 5 videos, contained in thumbnail files (indicating they had been viewed and deleted), which depicted minors engaged in sexually explicit conduct, including children as young as 4 to 6 years old. Metadata indicated these files had been obtained through social messaging applications. Analysis of the laptop also found more than 1,500 child erotica files, and artifacts of the same file-sharing program VBPD had used to download files from the defendant. Additionally, an external hard drive contained over *11,000* child erotica files.

In addition to obtaining child pornography files, the forensic review of the defendant's electronic devices also revealed chat messages between early November 2021 and February 2022, which pertained to trading material involving the sexual exploitation of children and chatting about photos of nude teens.

The defendant's files were submitted to the National Center for Missing and Exploited Children (NCMEC), which reported that the files were associated with 39 known series, meaning they depicted a known victim of child abuse.

B. The History and Characteristics of the Defendant (18 U.S.C. § 3553(a)(1))

The defendant will be 37 years old at the time of his sentencing hearing. He was born in Illinois and raised in several different states because of his father and step-father's employment. The defendant's parents separated when he was five years old. Although he was primarily raised by his mother, his father remained very involved in the defendant's upbringing. The defendant reported having a good childhood where all his financial needs were met and free of any abuse. His father currently lives in Tennessee, and his mother in Illinois. The defendant has two younger sisters, with whom he does not maintain a close relationship. He has never been married and has no children.

The defendant graduated from high school in Colorado in 2004. He then enlisted in the United States Navy and served active duty until 2008, and then in the reserves from 2008 to 2011. He was honorably discharged from that term of service, during which he was a cryptologic technician, a rating that focuses on electronic intelligence and typically requires a security clearance. *See* https://www.navy.com/careers/cryptologic-technician-technical. From 2011 to 2017, the defendant had a series of varied jobs in Colorado, and attended college, earning a bachelor's degree in 2012. The defendant then reentered the Navy and served on active duty for the next three years a master-at-arms, a rating devoted to law enforcement. *See* https://www.navy.com/careers/master-at-arms. In 2020, he was found in violation of several provisions of the Uniform Code of Military Justice (UCMJ), and in 2021 he was administratively

5

separated for misconduct (sexual harassment), pertaining to his conduct towards another petty officer.

In 2021, the defendant was briefly employed as a security specialist contractor for a naval command. When he was arrested by the Virginia Beach Police Department in February 2022, he reported working as the assistant dean of students and systems administrator at the Wave Leadership College in Virginia Beach, Virginia. Otherwise, he has been unemployed since June 2021.

The defendant does not have a history of substance abuse. Regarding his physical health, he has a 100% disability rating from the U.S. Department of Veterans Affairs. The bases for this rating are detailed in paragraph 53 of the PSR. Notwithstanding this disability rating, his mother reports him being in overall decent health. Regarding his mental health, the PSR does not document any mental health diagnoses. The defendant began sex offender therapy following his arrest by the Virginia Beach Police Department in February 2022, and has been regularly attending the same.

Other than the related state charges which were eventually nolle prossed, the defendant lacks any criminal history and accordingly has a criminal history category of I.

C. <u>The Need to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment (18 U.S.C. § 3553(a)(2)(A))</u>

The defendant's offense is indisputably serious because he participated in the exploitation of children for the sexual gratification of himself and others. "[D]istrict courts, in the course of selecting an appropriate sentence, ought to give respectful attention to Congress' view that child pornography crimes are serious offenses deserving serious sanctions." *United States v. Morace*, 594 F.3d 340, 347 (4th Cir. 2010) (cleaned up). Here, the defendant not only viewed and downloaded the images and videos of children's abuse himself, but he also proliferated such

horrific images through his use of file-sharing software. The Victim Impact Statements from the victims whose abuse is depicted in the files the defendant possessed are a testament to the devastating impact of not only the initial abuse, but also to the continued circulation of the images on the Internet for the sexual gratification of individuals like the defendant.

D. The Need to Afford Adequate Deterrence & to Protect the Public from Further Crimes (18 U.S.C. § 3553(a)(2)(B), (C))

The nature and circumstances of the defendant's conduct demonstrate that a substantial sentence of imprisonment is warranted to deter him from future criminal conduct and to protect the public. Specifically, the government submits that the defendant's history in the United States Navy shows the need for deterrence: in particular, he most recently served as a master-at-arms, a job akin to a civilian police officer, dedicated to enforcing the law. Yet despite that mandate, he sexually harassed a fellow service member, was separated from the Navy, and later that same year engaged in the conduct that brought him before the Court. Further, he also appeared to have placed himself in close contact with youth through his work as an assistant dean of students at the time of his arrest.

E. The Need to Provide Needed Correctional Treatment in the Most Effective Manner (18 U.S.C. § 3553(a)(2)(D))

The defendant would benefit from continued sex offender treatment while incarcerated. He would also likely benefit from vocational training or other educational opportunities that would enable him to be gainfully employed following his release. He does not appear to require any substance abuse treatment.

F. The Kinds of Sentences Available (18 U.S.C. § 3553(a)(3))

The available statutory sentence for the defendant's crime of conviction, 18 U.S.C. § 2252(a)(2), is a mandatory minimum of five years and up to 20 years of imprisonment. 18 U.S.C.

§ 2252(b)(1).  A term of supervised release is required for a minimum of five years, and may be imposed for life.  18 U.S.C. § 3583(k).  Regarding special assessments, the defendant may be ordered to pay, in addition to the $100 special assessment, the $5,000 special assessment mandated by the Justice for Victims of Trafficking Act of 2015 ("JVTA") for non-indigent defendants, 18 U.S.C. § 3014, and up to $35,000 mandated for defendants convicted of distribution of child pornography under 18 U.S.C. § 2259A(a)(2), the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018 ("AVAA").  The AVAA special assessment should be determined by reference to the factors in §§ 3553(a) and 3572.

G. <u>The Sentencing Guidelines and Need to Avoid Unwarranted Disparities (18 U.S.C. § 3553(4)-(6))</u>

The defendant is the sole defendant in this case.  Although the government's recommended sentence is below the advisory guidelines range, the government nonetheless submits that its requested sentence would not create any unwarranted disparities given the relatively limited time frame for which it has evidence of the defendant being involved in child pornography.

H. <u>The Need to Provide Restitution to Victims of the Offense (18 U.S.C. § 3553(a)(7))</u>

In his plea agreement, the defendant agreed that restitution is mandatory pursuant to 18 U.S.C. § 2259 and agreed to the entry of a restitution order for the full amount of the victims' losses.  ECF No. 20 ¶ 11.  As noted above, NCMEC identified 39 known series among the defendant's child pornography images.  PSR ¶ 16.  As of the date of this filing, the government has received a restitution request from one of those victims.  The government anticipates submitting a proposed restitution order at the sentencing hearing to resolve this request and any others it receives before the sentencing hearing.

## V.     Supervised Release Conditions

To comply with the Fourth Circuit's decision in *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020), and *United States v. Singletary*, 984 F.3d 341 (4th Cir 2021), the government requests that the Court orally pronounce all conditions of supervised release other than those specifically designated as mandatory under 18 U.S.C. § 3583(d).  In addition to an oral pronouncement of the individual conditions, compliance with *Rogers* may be achieved by oral reference on the record to another document, such as the PSR.  *Rogers*, 961 F.3d at 299.  Here, the U.S. Probation Office has outlined its recommended supervised release conditions on pages 17 through 20 of the PSR.

In addition, the government requests that the Court impose the standard supervised release conditions that the U.S. Probation Office typically requests and the Court typically imposes, with slight variations, for defendants convicted of child pornography offenses involving the Internet:

1) The defendant shall participate in a program approved by the United States Probation Office for mental health treatment, to include a psychosexual evaluation and sex offender treatment.  The cost of this program is to be paid by the defendant as directed by the probation officer.  The defendant shall waive all rights of confidentiality regarding sex offender/mental health treatment to allow the release of information to the United States Probation Office and authorize communication between the probation officer and the treatment provider.

2) The defendant shall submit to polygraph testing as directed by the United States Probation Officer as part of his sex offender therapeutic program.  The costs of the testing are to be paid by the defendant as directed by the probation officer.

3) The defendant shall submit to an Abel Assessment for Sexual Interest (AASI) or similar test as directed by the probation officer with the costs to be paid by the defendant.

4) The defendant shall not engage in employment or volunteer services that allow him access to minors or unrestricted access to computers that have Internet capabilities.

5) The defendant shall not possess or use a computer to access any online computer services at any location, including employment, without the prior approval of the probation officer. This includes any internet service providers, bulletin board systems, or any other public or private computer network.

6) The defendant shall comply with the requirements of the computer monitoring program as administered by the Probation Office. The defendant shall consent to the installation of computer monitoring software on any computer to which the defendant has access. Installation shall be performed by the probation officer. The software may restrict and/or record any and all activity on the computer, including the capture of keystrokes, application information, internet use history, email correspondence, and chat conversations. A notice will be placed on the computer at the at the time of installation to warn others of the existence of the monitoring software. The defendant shall also notify others of the existence of the monitoring software. The defendant shall not remove, tamper with, reverse engineer, or in any way circumvent the software. The costs of the monitoring shall be paid by the defendant.

7) The defendant shall consent to the use of Wi-Fi detection devices, to allow the probation officer to detect the presence of wireless signal inside or outside of the defendant's residence.

8) The defendant shall not possess or utilize any video gaming system, console, or other such device which would enable contact and/or the sharing of data with other individuals known or unknown to the defendant.

9) The defendant shall not have any access to or possess any pornographic material or pictures displaying nudity or any magazines using juvenile models or pictures of juveniles.

10) The defendant shall have no contact with minors unless supervised by a competent, informed adult, approved in advance by the probation officer.

11) The defendant shall not utilize any sex-related adult telephone services, websites, or electronic bulletin boards. The defendant shall submit any records requested by the probation officer to verify compliance with this condition including, but not limited to, credit card bills, telephone bills, and cable/satellite television bills.

12) Pursuant to the Adam Walsh Child Protection and Safety Act of 2006,[1] the defendant shall register with the state sex offender registration agency in any state where the defendant resides, works, and attends school, according to federal and state law and as directed by the probation officer.

---

[1] *See* 18 U.S.C. § 3583(d).

13) Pursuant to the Adam Walsh Child Protection and Safety Act of 2006,[2] the defendant shall submit to a search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning unlawful conduct or a violation of a condition of supervision.

*See e.g.*, *United States v. Hambrook*, 4:20cr26, ECF No. 33 (Judge Allen); *United States v. Perez-Duenas*, 2:20cr6, ECF No. 38 (Judge Doumar); *United States v. Bluhm*, 2:20cr51, ECF No. 40 (Judge Smith).

## VI. Conclusion

For the reasons stated above, the government submits that a sentence of 96 months is sufficient, and not greater than necessary, to satisfy the factors set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

Jessica D. Aber
United States Attorney

By: _____/s/_____
E. Rebecca Gantt
Assistant United States Attorney
Attorney for the United States
VSB No. 83180
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Tel. - 757-441-6350
Fax - 757-441-6689
E-mail Address – rebecca.gantt@usdoj.gov

---

[2] *See* 18 U.S.C. § 3583(d).

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record who are users of the CM/ECF system.

I further certify that on December 1, 2022, I will send an electronic copy of the foregoing to the following:

Robyn S. Basilio<br>
United States Probation Officer

                                             /s/
                              E. Rebecca Gantt
                              Assistant United States Attorney
                              101 West Main Street, Suite 8000
                              Norfolk, Virginia 23510
                              Tel. - 757-441-6350
                              Fax - 757-441-6689
                              E-mail Address – rebecca.gantt@usdoj.gov